## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

**DANIEL L. POHLE**,

                Plaintiff,

     v.

**JOHN G. ROBERTS**, in his official capacity as Chief Justice of the United States Supreme Court, *et al.*,

                Defendants.

Civil Action No. 25-cv-808 (CRC)

---

**DANIEL L. POHLE**,

                Plaintiff,

     v.

**JOHN G. ROBERTS**, in his official capacity as Chief Justice of the United States Supreme Court, *et al.*,

                Defendants.

Civil Action No. 25-cv-809 (CRC)

---

## <u>MEMORANDUM OPINION</u>

Plaintiff Daniel L. Pohle, proceeding *pro se*, filed complaints in these two cases challenging Rule 28.8 of the Supreme Court Bar ("the Rule"), which prevents *pro se* litigants from appearing for oral argument before the Supreme Court. The first action, 25-cv-808, is against the Honorable John G. Roberts, in his official capacity as Chief Justice of the Supreme Court of the United States, and the Supreme Court of the United States Bar. Pohle titled that complaint, "First Amendment Civil Action," seemingly alleging that Supreme Court Rule 28.8 violates the First Amendment. The complaint seeks more than $1 billion in damages. The

second action, 25-cv-809, is also brought against the Chief Justice Roberts, in his official capacity, as well as the Honorable Ketanji Brown Jackson, in her official capacity as an Associate Justice of the Supreme Court of the United States, Donald J. Trump, in his official capacity as the President of the United States of America, (collectively, the "Federal Defendants"), and the State of Indiana. Pohle's complaint in 25-cv-809, labeled "PETITION for Leave to Challenge the Constitutionality of the United States Rule 28.8 and the Legal Status of Title VII of the 1964 Civil Rights Act," has no clearly identifiable claims.

Because neither complaint satisfies Federal Rules of Civil Procedure 8(a), 12(b)(1), or 12(b)(6), the Court will dismiss both cases without prejudice.

## I.    Background

Pohle filed the complaints in these two civil actions on the same day.

In 25-cv-808, he alleges a "Financial Collusion Scheme" between Chief Justice Roberts and the Supreme Court Bar that "created a culture of aversion against Pro Se non lawyer Petitioners in the SCOTUS."  Compl., 25-cv-808, at 1.  Pohle claims that the "Chief Justice and his wife had received about ten million dollars from SCOTUS Bar members for help with job placement the Chief Justice created SCOTUS Rule 28.8 which silenced the Pro Se non-lawyer petitioners thus creating more 'Cash Flow' for the SCOTUS Bar[.]"  Id.  He exclaims that this scheme effectively said "to hell with the First Amendment."  Id. at 2.  He appears to suggest that a previous case of his, Pohle v. Pence, in which he filed a petition for certiorari with the Supreme Court, "reached conference" and "with Chief Justice Roberts recused" froze in its tracks.  Id.  In the section of the complaint titled, "Redress," he seeks more than $1 billion so that the "judgement [is] a wake up call to all who dare to challenge the Constitutional Rights and Intelligence of Non-Lawyers" as he believes that the "United States Supreme Court must be

made available to non-lawyers." Id. at 3.  Attached to the complaint as Exhibit A are a variety

of documents, including the text of the First Amendment, 28 U.S.C. § 1654, the docket for Pohle

v. Pence, and the petition for certiorari he filed.

In 25-cv-809, attached to the complaint—which contains no identifiable claims—as

"Exhibit A" is a packet of disjointed documents, including a letter from Pohle to several federal

agencies in which he claims to be "a spatial savant with an uncanny ability to recognize the

obvious" and requests a clearance upgrade for an FBI Special Agent to whom Pohle has "pushed

hundreds of pages of evidence"; documents from several "original action[s]" that Pohle

previously filed in the Supreme Court raising a litany of incomprehensible issues ranging from

Supreme Court Rule 28.8 to "Blood Diamonds," whistleblowers, and international treaties; a

"challenge to President Trump and Governor [Indiana] Mike Braun to: Grow a set of cojones";

and various mail tracking numbers and receipts for unknown items.  See 25-cv-809, Ex. 1 at 3, 7,

9–13, 15, 17–20.  In May 2025, Plaintiff requested an injunction ordering President Trump and

Indiana Governor Mike Braun to "Cease and Desist knowing and willfully violating the United

Nation Convention on Contracts for the International Sale of Goods" and to grant him "one

billion and one US dollars in the form of a tax exempt restoration grant."  See Mot. for Inj., 25-

cv-809, at 1, 3.

Following a notice of related cases from the government, see ECF 8, 25-cv-808, these

cases were consolidated, and the later filed case was transferred by consent to the undersigned.

In both cases, the federal government moved to dismiss, and in 25-cv-809, the State of Indiana

separately moved to dismiss.  Pohle opposes.

## II.    Legal Standards

A *pro se* "litigant's complaint is held to a less stringent standard than formal pleadings

drafted by lawyers."  Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987) (citing Redwood v.

Council of the District of Columbia, 679 F.2d 931, 933 (D.C. Cir. 1982)).  But this standard does not allow a *pro se* litigant "to ignore the Federal Rules of Civil Procedure or expect the [c]ourt to decide what claims a plaintiff may or may not want to assert."  Id.  A *pro se* plaintiff "must present a claim on which the court can grant relief."  Chandler v. Roche, 215 F.Supp.2d 166, 168 (D.D.C. 2002).  Accordingly, a plaintiff must assert a claim with "the requisite specificity, so as to give defendants notice, plead the involvement of each defendant," and clarify the claim and the grounds on which it rests.  Jarrell, 656 F. Supp. at 239; see Bell Atl. Corp., v. Twombly, 550 U.S. 544, 555 (2007).

### III.    Analysis

#### A.  Federal Rule of Civil Procedure 12(b)(1)

Rule 12(b)(1) imposes on the court an "affirmative obligation to ensure that it is acting within the scope of its authority."  Bond v. DOJ, 828 F. Supp. 2d 60, 69 (D.D.C. 2011).  If a plaintiff fails to establish that the court has subject matter jurisdiction over any claims in the complaint, the court must dismiss the action.  See Shuler v. United States, 531 F.3d 930, 932 (D.C. Cir. 2008); Sierra Club v. E.P.A., 850 F. Supp. 2d 300, 303 (D.D.C. 2012).  A patently insubstantial complaint that fails to present a federal question suitable for decision may be dismissed on jurisdictional grounds.  See Tooley v. Napolitano, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (citing Best v. Kelly, 39 F.3d 328, 330 (D.C. Cir. 1994)).  "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion."  Hagans v. Lavine, 415 U.S. 528, 536–37 (1974) (internal citations omitted).

In 25-cv-809, Pohle fails to present a suitable federal question. Pohle seeks the "resolution of EXHIBIT A[,] a U.S. Supreme Court 'ORIGINAL ACTION,'" but the documents contained in Exhibit A inconsistently cite a spattering of statutes, procedural rules, constitutional provisions, and treaties, including Supreme Court Rule 28.8, the United Nations Convention on Contracts for the International Sale of Goods, the 1964 Civil Rights Act, 18 U.S.C. § 242, 42 U.S.C. § 1983, and the First Amendment, Due Process Clause, and Equal Protection Clause of the U.S. Constitution. See generally Ex. 1. Plaintiff's claims are incomprehensible. It is unclear under which sources of law Plaintiff seeks to proceed or against which Defendants any such claims would lie. See, e.g., Akhan v. United States, No. 22-cv-3812 (TSC), 2023 WL 3750490, at *3 (D.D.C. June 1, 2023) ("Plaintiff's complaint 'present[s] no federal question suitable for decision,' as she broadly cites the Dawes Act of and 371 recorded treaties the United States executed as support for her requested relief" (citation omitted)).

Further, in both actions, Pohle lacks standing to bring any claims he theoretically might have related to Rule 28.8. A plaintiff must plead facts that demonstrate he has standing. Accordingly, the complaint must show he has a "concrete, particularized and actual or imminent" injury that is "fairly traceable to the challenged action" and is likely to be "redressable by a favorable ruling." Clapper v. Amnesty Int'l, 568 U.S. 398, 409 (2013). First, Pohle lacks an injury that satisfies Article III. As the federal government notes, Rule 28.8 prevents a *pro se* party from arguing at the Supreme Court, and here, Pohle's petition was denied at the certiorari stage. See Mot. to Dismiss, 25-cv-808, at 7. Pohle therefore was not denied a chance to argue his case because of the Rule. And even if he did have an injury, this Court cannot redress his injury because it cannot order the Supreme Court (or those who administer its bar) to take any given action. See, e.g., In re Marin, 956 F.2d 339, 340 (D.C. Cir. 1992) ("We

are aware of no authority for the proposition that a lower court may compel the Clerk of the Supreme Court to take any action"); <u>Miller v. Harris</u>, 599 F. App'x 1 (D.C. Cir. 2015) (per curiam) (unpublished disposition) ("The district court correctly determined it lacked jurisdiction to review decisions of the United States Supreme Court."); <u>In Re Lewis</u>, No. 99-5015, 1999 WL 150347, at *1 (D.C. Cir. Feb. 26, 1999) (per curiam) ("It is axiomatic that this court may not review orders of the Supreme Court or direct the Court to take any action.").

Finally, sovereign immunity bars Pohle's claims in both actions.  Insofar as Pohle in 25-cv-808 seeks damages from the federal government, sovereign immunity forbids him from doing so as the United States has not waived sovereign immunity.  <u>See</u> <u>United States v. Mitchell</u>, 463 U.S. 206, 212 (1983) (The federal government "may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction").  And the Eleventh Amendment bars his claim against Indiana, as Indiana has not consented to this suit.  <u>See</u> <u>Bd. of Trustees of Univ. of Ala. v. Garrett</u>, 531 U.S. 356, 363 (2001) (citing <u>Kimel v. Fla. Bd. of Regents</u>, 528 U.S. 62, 72–73 (2000)).

Because the court cannot glean a federal question suitable for decision in 25-cv-809, because Pohle lacks standing to bring any claims he could have in either case, and because sovereign immunity bars both suits, the complaints violate Rule 12(b)(1).  <u>See e.g.</u>, <u>Wells v. Trump</u>, No. 25-cv-1589 (APM), 2025 WL 1488023, at *1 (D.D.C. May 23, 2025) ("It is entirely unclear on what grounds this court may assert jurisdiction, nor is it clear what claim Plaintiff brings against President Trump. In such circumstances, courts have not hesitated to dismiss the complaint.").

B. <u>Federal Rules of Civil Procedure 12(b)(6) and 8(a)</u>

Pohle's complaints also do not satisfy Federal Rule of Civil Procedure Rule 8(a), as they lack a short and plain statement that indicates he warrants relief, and dismissal is therefore warranted pursuant to Rule 12(b)(6) as well.

Rule 8(a), meanwhile, lays out the minimum standard for the sufficiency of complaints. Rule 8(a) dictates that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A plaintiff must assert enough facts to give a defendant "fair notice of the claim being asserted so as to permit the [defendant] the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). A district court "dismiss[es] a claim pursuant to Rule 12(b)(6) . . . where it is patently obvious that the plaintiff cannot possibly prevail based on the facts alleged in the complaint." Jafari v. United States, 83 F. Supp. 3d 277, 279 (D.D.C. 2015) (quoting Rollins v. Wackenhut Servs. Inc., 703 F.3d 122, 127 (D.C. Cir. 2012) (internal quotations omitted).

Both of Pohle's complaints are "rambling, disjointed, incoherent, [and] full of irrelevant of confusing material" and therefore "patently fail" to satisfy Rule 8(a)'s standard. Jiggetts v. District of Columbia, 319 F.R.D. 408, 413 (D.D.C. 2017), aff'd sub nom., Cooper v. District of Columbia, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (internal quotations omitted). The complaints lack any coherent factual allegations and request a laundry list of relief including more than $1 billion, see Compl. 25-cv-808, at 3, and "[1] The Removal of Supreme Court Rule 28.8. [2] The Resignation of Chief Justice John G Roberts [sic] with apology. [3] The Resignation of associate Justice Jackson with apology. [4] The Prosecution of Redmond Barnes." See 25-cv-809, Ex. 1 at 12. Plaintiff further claims national security expertise as a "spatial savant" working with the FBI, alleges a conspiracy by the Supreme Court involving a clerk who

"thinks he is President Barak [sic] Obama's public defender," threatens a lawsuit that will result in "the fall of a constitutional republic called The United States of America," and states that he provided mining equipment "to criminals seeking Blood Diamonds in failing nations." See Compl., 28-cv-809, Ex. 1 at 3, 11–14, 37. The asserted claims are "neither plainly nor concisely stated" and cannot give the Defendants "fair notice of what the claim is and the grounds upon which it rests." See Twombly, 550 U.S. at 555. And his various replies to the motions to dismiss only accentuate this point. In both, he seems to include allegations concerning Pohle v. Pence, the case he sought certiorari for, rather than anything concerning Rule 28.8. See ECF No. 22 at 1; ECF No. 27 at 1-2. In the second, his requested relief is an order to Solicitor General Sauer to bring Pohle v. Pence before the Supreme Court. ECF No. 27 at 2. The Court is unable to discern what these complaints claim, and thus, they do not satisfy Rule 8(a).

## IV.    Conclusion

For the reasons set forth above, this court will grant the Motions to Dismiss without prejudice. A separate Order shall accompany this memorandum opinion

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:  August 28, 2025